M. & M. Transportation Co., Inc.
vs.                } No. 87780.
United Electric Railways Company

July 28, 1932.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $736.

On October 27, 1931, between nine and ten o'clock in the evening, a large truck belonging to the plaintiff was being driven from Boston through Providence to New York. It was proceeding westerly on Cranston street and the driver had turned to his left to go into Pearl street when the truck was struck by an electric car at or about the right rear wheel. The electric car was proceeding toward the center of the city upon the in-bound track, so-called.

Mahoney, the operator of the truck, testified that when he first saw the electric car it was 125 to 150 feet away; that at that time he was just "cutting in" to make the turn.

The proprietor of a variety store located on the corner of Cranston and Pearl streets said that he was standing in his doorway; that the electric car was 100 to 125 feet distant when the truck turned in. Another person was standing on the corner just mentioned. He said that the electric car was 75 feet away when the truck turned across the street.

Frederick J. McAvoy, a passenger on the car, testifying for the plaintiff, said that the electric car did not slow up prior to the collision between the two vehicles. This witness had previously given a signed statement to the defendant in which he said substantially the same thing. In that statement he also said that when he first saw the truck, it was diagonally across the "out track". The electric car was then 20 feet away.

Defendant's story, as told by its operator, was that there was a line of traffic coming from the city and that this truck pulled out of line without giving any signal of its intention so to do; that the electric car had already been reduced to 10 miles per hour; that the operator pulled the reverse and made a quick stop.

Frank D. Goodrich was sitting in a window at 49 Cranston street and had a view of both vehicles. The truck, he said, was going faster than the car and shot across the street and tried to cut in between the sidewalk and the car.

Charles J. Alexander, a passenger on the car, testified substantially that the truck attempted to cross just in front of the car.

It thus appears that in this case there was a marked conflict of testimony. If the jurors believed the witnesses for the plaintiff, they might reasonably have reached the conclusion that had the motorman been ordinarily alert, he could have stopped his car before striking the truck. The truck was approximately 25 feet in length and the electric car struck the rear wheel.

The Court cannot substitute its judgment for that of the jury. There was evidence which, if believed. might reasonably allow the jury to conclude that the plaintiff was free from negligence and that the defendant was negligent. It cannot be argued with any force that the damages were excessive in view of the evidence submitted.

In the opinion of the Court the verdict does substantial justice between the parties and defendant's motion for a new trial is denied.

For plaintiff: Sallet & Ress.

For defendant: C. Whipple, Frank J. McGee.